IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES EX REL. SOLLOG IMMANUEL ADONAI-ADONI,<br>          Petitioner,<br><br>     v.<br><br>LEON KING, II, et al.,<br>          Respondents. | Civil Action No. 06-1897 |

**MEMORANDUM/ORDER**

Presently before this court is petitioner's "Objection to Magistrate Judge's Denial of Motion to Consolidate Actions and Request for De Novo Review by District Judge." (Docket No. 23). Because I find Judge Caracappa's order neither clearly erroneous nor contrary to law, I will overrule plaintiff's objections and confirm the order.

A motion to consolidate is a non-dispositive motion, and Judge Caracappa thus had authority to rule on it under 28 U.S.C. § 636(b)(1)(A). *See Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603, 604 & n.1 (W.D. Pa. 2002). I will review Judge Caracappa's ruling on the non-dispositive motion under a clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).[1]  Rule 72(a) states:

---

[1] By contrast, objections to a magistrate judge's report and recommendation are reviewed *de novo*. *See* Fed R. Civ. P. 72(b).

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Rule 42(a) governs the consolidation of cases. It directs that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Petitioner has numerous habeas actions, all of which are at different stages in the litigation process, and many of which are presently on appeal. Consolidating the actions would not "tend to avoid unnecessary costs or delay," rather, it would render it more difficult for the court to consider each of petitioner's filings in all of his cases. Thus, there is nothing to suggest that Judge Caracappa's order denying consolidation is clearly erroneous or contrary to law—to wit, it appears to have been an exercise of sound judgment.

AND NOW, this 7th day of August, 2007, it is hereby ORDERED that plaintiff's objections to Judge Caracappa's order denying consolidation are OVERRULED. It is further ORDERED that Judge Caracappa's order is CONFIRMED.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.