**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| SOLLOG IMMANUEL ADONAI-ADONI, | : | |
| | : | Civil Action No. 06-1897 (MLC) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| LEON KING, II, et al., | : | |
| | : | |
| Respondents. | : | |

**FILED**
MAR 11 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**APPEARANCES:**

Sollog Immanuel Adonai-Adoni, Pro Se, #684439
5645 Coral Ridge Drive, #216
Coral Springs, FL 33076

Molly Selzer Lorber, Esq.
Philadelphia District Attorney's Office
3 South Penn Square, Philadelphia, PA 19107
Attorney for Respondents

**COOPER, District Judge**

Petitioner filed this habeas petition, pursuant to 28 U.S.C. § 2241, asserting violations of his constitutional rights. Respondents filed an Answer on April 12, 2007 (docket entry 45), and a Report and Recommendation was entered on May 31, 2007 (docket entry 59). Outstanding issues remain in this case, which this Court, by way of this Opinion and an Order, now addresses.

### BACKGROUND

According to the Report and Recommendation filed by the Magistrate Judge on May 31, 2007, Petitioner is a Pennsylvania state prisoner. On or about May 4, 2006, he filed the within petition seeking habeas relief from his May 29, 1996 conviction,

claiming that several of his constitutional rights were violated. Respondents' Answer asserted that the claims were time-barred. The Magistrate Judge agreed and dismissed the petition. Without reaching Petitioner's substantive arguments, the Judge held that since Petitioner's conviction became final in June of 1996, and he did not file this habeas petition until May 2006, the petition was untimely under 28 U.S.C. § 2244(d).

Subsequent to the filing of the May 31, 2007, Report and Recommendation, on August 15, 2007, the Magistrate Judge entered an Order vacating a previous order that denied Petitioner's motion for summary judgment (docket entry 68, referring to motion for summary judgment listed as docket entry 17). It is unclear why this Order was entered, and the Order simply states, in full: "the court's order (Docket #20) denying petitioner's motion for summary judgement shall be vacated. Petitioner's motion for summary judgement (Docket #17) shall be forward[ed] to the District Court for consideration." (See docket entry 68).

Furthermore, on September 20, 2007, Petitioner filed an "Emergency Expedited Motion for Special Relief" (docket entry 72). Petitioner's motion states that he served objections to the Report and Recommendation on the Magistrate Judge, the District Judge assigned to the case, and the attorneys on the case, but the objections have not shown up on the docket. Petitioner states that the case was erroneously closed and his objections

2

were not docketed. Further, Petitioner argues that the case should not be closed since the motion for summary judgment remains outstanding. He asks for relief under Federal Rule of Civil Procedure 60(a). (Docket entry 72).[1]

Thus, two issues are before the Court: (1) Petitioner's Motion for Special Relief, filed on September 20, 2007, which remains outstanding (docket entry 72); and (2) Petitioner's motion for summary judgment (docket entry 17).

## DISCUSSION

A.   Petitioner's Motion for Special Relief

Federal Rule of Civil Procedure 60(a) states, in relevant part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

Petitioner here asserts that he filed objections to the Magistrate Judge's Report and Recommendation. But there is no indication on the docket that Petitioner has done so. Thus, Petitioner does not ask this Court to correct a clerical mistake found in a judgment, order, or other part of the record. Rather, Petitioner is asking this Court to create a docket entry for a document that it does possess. This Court will not do so. See, e.g., Oriakhi v. Wood, 250 Fed.Appx. 480, 481 (3d Cir. 2007)

---

[1] This Court notes that this matter has not been closed; nor does the docket reflect that the case is closed.

(finding appellant was attempting to use Rule 60(a) motion not to correct a clerical error, but to reopen a final judgment in order to restart the clock to appeal); <u>Barris v. Bob's Drag Chutes & Safety Equip.</u>, 717 F.2d 52, 55 (3d Cir. 1983) (stating Rule 60(a) motion "does not affect the finality of the original judgment ... nor does it toll the time limits within which an appeal must be taken").

Further, considering the voluminous amounts of paperwork filed by Petitioner here, and his approximately seventeen other civil matters pending in this Court, this Court finds it unlikely that Petitioner timely and correctly filed his objections because, had he done so, the objections would have appeared on the docket, as did Petitioner's forty or so other motions and filings in this matter. Petitioner is no stranger to this Court or to the proper manner in which to file papers, and this Court finds it unlikely that, after all of his filings, this one document somehow was misplaced.

Regardless, Petitioner's concern regarding his case being closed is unfounded. Petitioner's case has remained opened, and there is no indication on the docket that is was ever closed.

B.  <u>Petitioner's Summary Judgment Motion</u>

As noted, the Magistrate Judge vacated the Order denying Petitioner's motion for summary judgment, and the motion remains pending before this Court.

4

Listed as docket entry 17, Petitioner's motion for summary judgment argues that, because Respondents had not yet filed a response to the Order to Answer issued by the Court, the Petitioner is entitled to a declaratory judgment of summary judgment under Rule 56(a).

First, a party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. N.Y. Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).

Rule 56(e)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must- by affidavits or as otherwise provided in this rule- set out specific facts showing a genuine issue for trial. If the

>     opposing party does not so respond, summary judgment
>     should, if appropriate, entered against that party.

Fed.R.Civ.P. 56(e).

Petitioner here mistakes the Rule's requirement that the party opposing the summary judgment motion respond to that motion, with the requirement that Respondents answer the pleading. Petitioner argues that because Respondents had not, at that point, denied averments to his petition in an answer, that summary judgment should be issued to Petitioner.

In his motion, Petitioner makes no showing that there was no genuine issue as to any material fact set forth in his case, as required for summary judgment. He only states that he is entitled to summary judgment, because an answer had not yet been filed, and because: "The petition in this matter states copious legal reasons for this court to grant a Writ of Habeas Corpus to the Petitioner for admitted violations of Due Process and denial of access to the courts as well as cruel and unusual punishment." (Docket entry 17, ¶ 5). Petitioner is not entitled to summary judgment based on that statement.

Second, the Court notes that since the filing of the Summary Judgment motion, Respondents have filed an answer and a Report and Recommendation have been entered, thus rendering the motion moot.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for summary judgment (docket entry 17), and motion for special relief (docket

entry 72) will be denied. The Court will issue an appropriate Order.

                                              s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge
                                              District of New Jersey
                                              Sitting by Designation

Dated:    March 10, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                                :
SOLLOG IMMANUEL ADONAI-ADONI,   :
                                :    Civil Action No. 06-1897 (MLC)
            Petitioner,         :
                                :
       v.                       :           O R D E R
                                :
LEON KING, II, et al.,          :
                                :
            Respondents.        :
_____:
```

For the reasons set forth in this Court's Opinion, dated March 10, 2009, **IT IS** on this    10th    day of March, 2009;

**ORDERED** that Petitioner's motion for summary judgment (docket entry 17), is hereby **DENIED**; and it is further

**ORDERED** that Petitioner's emergency expedited motion for special relief (docket entry 72), is hereby **DENIED**; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

                              s/ Mary L. Cooper
                        **MARY L. COOPER**
                        United States District Judge
                        District of New Jersey
                        Sitting by Designation